*E-Filed 2/9/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TONY JOHN JAMES, | No. C 10-2085 RS (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| KELLY HARRINGTON, Warden | |
| Respondent. | |

### INTRODUCTION

This is a federal habeas corpus action filed by a pro se state prisoner pursuant to 28 U.S.C. § 2254. For the reasons articulated below, the petition is DENIED.

### BACKGROUND

On June 13, 2006, a Sonoma County Superior Court jury convicted petitioner of first degree murder, consequent to which petitioner was sentenced to 26 years to life in state prison. (Ans., Ex.1 at 1–2.) Petitioner filed the instant federal habeas action after being denied relief on direct and collateral state review. As grounds for federal habeas relief, petitioner alleges that the trial court violated his due process and Sixth Amendment rights when it refused to discharge the jury foreperson after evidence came forward that called into

question her ability to be fair and impartial.

## STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412-13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Id.* at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at 409.

## DISCUSSION

Petitioner claims that the trial court's decision deprived him of his constitutional right to a fair trial by a panel of impartial, indifferent jurors. (Pet., Attachment A at 28.) According to petitioner, the trial court abused its discretion in refusing to discharge the

foreperson and substitute an alternate. (*Id.*) The state appellate court rejected this claim, concluding that the trial court's findings of fact are supported by substantial evidence, and that the proper legal standard was identified and applied. (Ans., Ex. 1 at 9.)

During trial, the prosecutor informed the trial court that the jury foreperson, Juror 1203, had applied and interviewed for a job with the Sonoma County District Attorney's Office, information the prosecutor had learned the same day. (Ans., Ex. 4 at 3.) The trial judge put the jury in recess while he and the attorneys discussed the matter. (*Id.* at 3.) The trial judge then questioned Juror 1203 before the rest of the jury re-convened. (*Id.* at 38.) The juror did not suspect why she was called in separately. (*Id.*)

The questioning revealed that Juror 1203 had been unemployed since the end of January, and had been looking for a job ever since. (*Id.* at 40–41.) She had applied for numerous jobs in Sonoma County. (*Id.* at 40.) It never occurred to her that she was applying for a job in the same office as the prosecutor in this case. (*Id.* at 45.) She stated that she applied to "every single county job that came up, that was available that I felt I would be qualified to do . . . I never thought about     . . . the fact that I would apply for the job might be a problem because of [the prosecutor]." (*Id.* at 46.) Juror 1203 never distinguished this position from all the other jobs to which she had applied. (*Id.* at 50.) She described the situation as "all coincidental, the timing and the way that job became available." (*Id.* at 53.) Upon questioning, she conceded she understood the appearance of impropriety. (*Id.* at 50.) Nevertheless, she believed she is a "very honest person" and stated the situation would not influence her ability to perform her job on the jury. (*Id.* at 51) She conveyed that she understood the concerns and she would not discuss the present conversation with the other jurors, nor would she discuss her job search with anyone for the duration of the trial. (*Id.* at 52.) Juror 1203 assured the judge several times that the situation would not affect her ability to be fair and impartial, nor her ability to interact with other jurors as foreperson. (*Id.* at 51.)

The trial judge determined that Juror 1203 appeared "one hundred percent genuine" and that he did not see any deception. (*Id.* at 57.) He noted two instances when she nearly cried as a result of the inquiry into her prior dissolution, and her ability to be fair and

impartial. (*Id.*) Based on the trial court's observation of Juror 1203's responses and demeanor, petitioner's motions for a mistrial and for removal of the foreperson for bias were denied. (*Id.* at 58.)

The Sixth Amendment guarantees to the criminally accused a fair trial by a panel of impartial jurors. If juror misconduct occurred, petitioner bears the onus of demonstrating that the alleged error "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Only those reasons which affect a juror's impartiality can be said to affect the fairness of the trial. *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984). Furthermore, due process does not mandate a new trial or dismissing a juror every time a juror is placed in a potentially compromising situation. *Smith v. Phillips*, 455 U.S. 209, 217 (1982). Due process requires a jury capable and willing to deliberate solely based upon the evidence presented, and a trial judge watchful to prevent prejudicial occurrences and to assess their effects if they happen. *Id.* A federal habeas court must accord the highest deference to a trial court's credibility determination. *See Knaubert v. Goldsmith,* 791 F.2d 722, 727 (9th Cir. 1986).

Under these legal principles, the record does not support petitioner's contention that the trial court violated his constitutional rights when it concluded that Juror 1203 was not biased in favor of the prosecution. The record reflects that the trial judge engaged in an immediate investigation into, and an inquiry of, Juror 1203 when confronted with the possibility that the juror might have a conflict of interest. The transcript of that inquiry reveals the following assertions by the juror: she had applied to a multitude of clerical positions county-wide, not merely one with the district attorney's office, she recognized the potential conflict of interest only when the trial judge brought it to her attention, and she averred unequivocally that she could be fair and impartial, despite the fact of her job application. Such evidence supports the trial court's decision not to strike the juror, and his determination that her statements were credible is entitled to a presumption of correctness. Petitioner's bare assertions are insufficient to overcome this presumption. Consequently, as the state court's decision is supported by substantial evidence in the record, petitioner is not

entitled to habeas relief on this claim, which is hereby DENIED.

## CONCLUSION

The state court's adjudication of petitioner's claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law.  Nor was the decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Accordingly, the petition is DENIED.

A certificate of appealability will not issue.  Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Petitioner may seek a certificate of appealability from the Court of Appeals.  The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED.**

DATED: February 9, 2011

RICHARD SEEBORG
United States District Judge